THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

Sherry Council Bennett )
_____ )
_____ )
**Plaintiff(s)**

vs.

Premiere Credit of North )
America, LLC, et al. )
_____ )
**Defendant(s)**

_____
**Garnishee**

Case Number CV11-01C1RA

Cause of Action Injunction/Damages

Stanley Harris, Jr.
P.O. Box 10144
Sav. GA 31412
**(Plaintiff or Plaintiff's Attorney)**

NOTICE OF SERVICE ON: Registered Agent of
Frenier Credit of N. Am. LLC
CT Corp. Systems/Edwards
1301 Peachtree St NE, Atlanta, GA 30361
**(Name and Address of Person Served)**

---

**PERSONAL**
I have this day served the Defendant_____personally with
a true copy of the within petition and summons.

This_____day of_____20____. _____, Deputy Sheriff

---

**RESIDENTIAL**
I have this day served the Defendant_____with a true copy
of the within petition and summons by serving same upon_____
a person Sui Juris residing on the premises.

This_____day of_____20____. _____, Deputy Sheriff

---

**CORPORATE**
I have this day served the Defendant Premiere Credit of North America, LLC, a corporation,
with a true copy of the within petition and summons by handing the same in person to
Shakeina Edwards /CT Corp an officer of said corporation.

This 11 day of May 20 11 _____, Deputy Sheriff
Jones

---

**TACKED AND MAILED**
I have this day executed the within Affidavit and Summons by tacking a copy of the within process on
the door of the premises designated in said action and also by depositing a true copy thereof in the United
States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.

This_____day of_____20____. _____, Deputy Sheriff

---

**GARNISHEE**
I have this day at the hour of_____served the Summons of Garnishment upon
_____by handing the original of same to_____
in person, he/she being_____and agent in charge of_____
at the time of service in Chatham County.

This_____day of_____20____. _____, Deputy Sheriff

---

**MAILED**
This is to certify that I have this day served the Defendant_____
with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail,
in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit,
with adequate postage affixed thereon.

This_____day of_____20____. _____, Deputy Sheriff

---

**DILIGENT SEARCH**
Diligent search made and Defendant is not to be found in the jurisdiction of this
court_____

This_____day of_____20____. _____, Deputy Sheriff

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ **Superior**
☐ **State**

**County** CHATHAM

**Docket #** _CV11-0709KA_

**Date Filed** _04-26-2011_
MM-DD-YYYY

**Plaintiff(s)**
BENNETT, SHERRY COUNCIL

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

**No. of Plaintiffs** 1

**Defendant(s)**
PREMIERE CREDIT OF NORTH AM, LLC.

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

EDUCATIONAL MANAGEMENT CORP.

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

THE LANDINGS CLUB, INC.

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

| Last | First | Middle I. Suffix Prefix | Maiden |
|------|-------|------------------------|--------|

**No. of Defendants** 3

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

HARRIS, STANLEY E. JR.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

**Bar #** 331400

---

**Check Primary Type (Check only ONE)**

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☑ Other General Civil Specify _____
Injunction

---

**If Tort is Case Type:**
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify  Conversion

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR RECORD
2011 APR 26 A 10: 34

DANIEL W. MASSEY CLERK
SUPERIOR COURT C.C.GA

SHERRY COUNCIL BENNETT,                    )
                                           )
        Plaintiff,                         )
                                           )    Civil Action # CV11-0707KA
v.                                         )    Complaint for Injunctive and
                                           )    Damages
                                           )
PREMIERE CREDIT OF NORTH AMERICA, LLC,     )
EDUCATIONAL CREDIT MANAGEMENT CORP.        )
and THE LANDINGS CLUB, INC.,               )
                                           )
        Defendants.                        )

## COMPLAINT (or PETITION)

The above Plaintiff, SHERRY COUNCIL BENNETT f/k/a Sherry Council, shows this

Honorable Court the following:

### Parties

1. SHERRY COUNCIL BENNETT is a resident of Chatham County, Georgia.

2. PREMIERE CREDIT OF NORTH AMERICA, LLC ("Premiere") is a foreign

corporation registered to do business in Georgia with a registered agent in Fulton County,

Georgia, CT Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

3. EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("EMC") is a

Minnesota corporation without a registered agent in Georgia. It has a principal office at 1

Imation Place, Oakdale, Minnesota 55128.

4. The Plaintiff's employer is THE LANDINGS CLUB, INC. ("Employer") is a

Georgia not-for profit corporation with its principal office in Chatham County at 71 Green

Island Road, Savannah, Georgia 31411.

1

ENTERED RO APR 26 2011.

## Jurisdiction and Venue

5. The Plaintiff is a resident of and employed in Chatham County, Georgia.

6. Among other acts Premiere and ECM caused a conversion of the Plaintiff's employment earnings from the Employer in Chatham County, Georgia.

7. This Court has jurisdiction of the parties and subject-matter of this action and venue is proper in this county.

## Background Facts

8. Premiere allegedly is acting as a debt collector to recover funds for a student loan agency. (See, Order of Withholding from Earnings dated March 1, 2011, attached as Exhibit "A".) The debt claimed is $10,489.64. Exhibit "B" is a letter from the U.S. Department of Education dated September 24, 2000, confirming final payment on the student loan was received. Exhibit "C" is a letter from the U.S. Department of Education dated February 20, 2010, verifying the loan was paid.

9. Exhibit "D" is a communication from ECM dated February 15, 2010, demanding payment of a loan with a balance of $9,560.03. Exhibit "E" is a letter from the Plaintiff to ECM dated March 8, 2010, which attached Exhibit "C" to notify that defendant no debt was owed.

10. Premiere never mailed to Plaintiff a copy of Exhibit "A". She only learned about the alleged matter when her salary was being withheld by her employer during March, 2011, after she inquired why she was having a deduction from her wages. Therefore, Premiere did not comply with 20 USC §1095a(a)(2), (3), and (4).

(a) The Notices required the Plaintiff to "establish a written repayment agreement with Premiere...on or before the 30th day after the mailing of this notice...." 20 USC §1095a(a)(4)

2

does not permit that deadline.

(b) The Notices required that Premiere "receive your written request for hearing on or before the 15th day after your receipt of this notice...." 20 USC §1095a(a)(5) does not permit that time restriction. That section further states "the borrower shall be considered to have received this notice 5 days after it was mailed," which is a rebuttable presumption.

11. Pursuant to the order from Premiere attached as Exhibit "A"" the Employer commenced withholding part of Plaintiff's salary during each pay period. As of April 15, 2011 those funds total $711.42.

12. By letter dated March 25, 2011, copy attached as Exhibit "F", notifying Premiere and ECM the garnishment was unauthorized because the subject loan was paid. No communication to terminate the garnishment and release the funds has been received by the Plaintiff or her counsel.

13. Upon information, Plaintiff believes Premiere intends to continue collecting funds until it obtains of approximately $9,000.00 which is not owed by the Plaintiff.

14. Premiere has not provided any document or other authority establishing it as a "guaranty agency" pursuant to the Higher Education Assistance Act entitled to undertake the collection activities at issue.

15. Premiere did not comply with the Fair Debt Collection Practices Act by providing a validation required by 15 USC 1692g.

<u>Count One</u>

Plaintiff incorporates the allegations of paragraphs 1 through 15, inclusive, are incorporated by reference in this Count.

3

16. Neither Premiere nor ECM has filed a suit or obtained a judgment against Plaintiff. Filing suit would have enabled Plaintiff to present evidence the loan was paid.. Because of the above violations, no legal ground existed for Premiere to garnish the Plaintiff's wages. Nor did any legal basis exist for the Employer to withhold such funds.

17. Because Premiere did not comply with the notice provisions, OCGA §18-4-46 required Premiere to obtain a judgment against the Plaintiff prior to instituting any garnishment.

18. Premiere's actions in communicating with the Plaintiff's employer to cause deductions to be made from her earnings violated the Federal Fair Debt Collection Practices Act, 15 USC §1692c(b), and constituted a tortuous interference with her employment relationship resulting in a conversion of her funds for which Plaintiff is entitled to damages.

19. Because Premiere did not comply with the notice provisions, OCGA §18-4-46 required Premiere to obtain a judgment against the Plaintiff prior to instituting any garnishment and caused Plaintiff's salary to be reduced, it engaged in a tortious conversion of Plaintiff's salary.

## Count Two

Plaintiff incorporates the allegations of paragraphs 1 through 19, inclusive, are incorporated by reference in this Count.

20. By requiring the Employer to withhold funds twice each month each withholding violated OCGA §16-8-3(a) and (b), theft by deception, and OCGA §16-8-4, theft by conversion, OCGA §16-14-3(8)(A), engaging in at least two acts of racketeering, and OCGA §16-14-3(9)(A), to solicit another person to commit a crime, namely, the Employer. By virtue of those violations, O.C.G.A. § 16-14-6 (c) renders Premiere and ECM liable for three times the actual

4

damages sustained and, where appropriate, punitive damages and attorneys fees.

Count Three

Plaintiff incorporates the allegations of paragraphs 1 through 20, inclusive, are incorporated by reference in this Count.

21. The continued retention of Plaintiff's wages causes immediate and irreparable harm for which she is entitled to immediate relief. To permit that withholding to continue will cause continued and irreparable harm to Plaintiff. To have these acts continue during the pendency of this litigation would result in continued financial difficulty.

22. The Plaintiff seeks an *ex parte* restraining order, a temporary and a permanent injunction to prohibit the Defendants from withholding funds.

WHEREFORE PLAINTIFF PRAYS as follows: That an *ex parte* restraining order issue upon the filing of this Complaint to restrain the garnishment cause the Employer to cease withholding payments from Plaintiff's salary; that a temporary hearing be held to continue the injunctive relief and compel the Defendants to release any moneys withheld to the Plaintiff; that a permanent injunction issue to terminate any further garnishment activity; that Plaintiff recover from Premiere and ECM for compensatory damages, damages for emotional distress and wounded feelings, for punitive damages for the wilful disregard of applicable law, for attorneys fees and costs of litigation and such other relief deemed proper by this Court; and the matter be tried by a jury.

Duffy & Feemster, LLC.

By: _____

Stanley E. Harris, Jr.
Senior Counsel
State Bar #331400
Attorneys for Plaintiff

5

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile: (912) 236-7641
E-Mail: sharris@duffyfeemster.com

SEH\12037\LITIGATION\COMPLAINT

Department 716
PO BOX 4111
CONCORD CA ,94524-4111

**ECMC**
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION
1-866-383-9068

March 1, 2011

Address Service Requested

#BWNFTZF #PCN7984976511026#

D-65
102337

THE LANDING
71 GREEN ISLAND RD
SAVANNAH GA 31411-1202

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
C\O Premiere Credit of North America, LLC
P.O. BOX 19309
INDIANAPOLIS, IN 46219-0309

## ORDER OF WITHHOLDING FROM EARNINGS

To Whom It May Concern:

Pursuant to federal law (Public Law 102-164; 20 U.S.C. 1095a et. seq.), Educational Credit Management Corporation (ECMC) hereby orders and directs the company to withhold wages from the below named employee's disposable wages for payment of the employee's defaulted Federal Family Education Loan Program student loan(s):

Employer SHALL DEDUCT AND PAY TO ECMC from the debtor's wages fifteen percent (15%) of the debtor's disposable pay for each pay period, or up to a total of 25 percent of disposable pay for multiple garnishments (pursuant to 15 U.S.C. 1673), unless the debtor provides ECMC with written consent to deduct a greater amount. This amount SHALL be deducted until the amount set forth above as the "Total Amount Currently Due," plus all further accrued interest, is fully paid.

Employee: SHERRY COUNCIL *Bennett*
SSN:       7724
Address: 205 PARADISE DR C/O BENNETT
City, State, Zip Code: SAVANNAH, GA 31406
Total Amount Currently Owed: $10469.64 as of February 28, 2011. Interest will accrue until debt is paid in full.

Complete and return the enclosed Acknowledgment of Order of Withholding from Earnings (Order) within ten business days of receipt of this notice.

Withholding is to start with the first pay period after the issuance of this Order. To ensure credit to the proper account, include the employee's name and Social Security Number; if the check is for multiple employees, please also indicate the amount remitted.

**Please remit payment to Educational Credit Management Corporation, at the following address:**

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
LOCKBOX 8622
P.O. BOX 75848
ST PAUL, MN 55175-0848

Please send correspondence to:

PREMIERE CREDIT OF NORTH AMERICA
P.O. BOX 19309
INDIANAPOLIS, IN 46219

For details on your wage garnishment responsibilities, please refer to the U.S. Department of Education's employer Web site at http://www.ed.gov/offices/OSFAP/DCS/ewg.employers.guide.html. You may also contact Premiere Credit of North America, LLC at 1-866-383-9068 for assistance.

Sincerely,

Premiere Credit of North America, LLC

Enclosures:
Employer Acknowledgment of Wage Withholding
Employer Instructions for Complying with the Order of Withholding
List of Approved Guaranty Agencies



EXHIBIT
A



ECMC
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

## EMPLOYER INSTRUCTIONS FOR COMPLYING
## WITH THE ORDER OF WITHHOLDING

### Calculating "Disposable Pay"
First, determine the "gross earnings" of the debtor, which means compensation paid or payable for personal services as wages, salary, commissions, bonuses, or otherwise. Then subtract any amounts required by law to be withheld. This includes, for example, state and federal income tax, and Federal FICA or OASI tax (Social Security). Do not include discretionary deductions for savings bonds, employee contribution to retirement plans, health insurance, etc.

### Amount of Deduction
The Order references fifteen percent (15%) of disposable pay. However, as long as the resulting figure does not exceed fifteen percent (15%) of pay, the figure may be rounded off to a whole-dollar amount.

### Prior Garnishments
Pursuant to 15 U.S.C. 1673, garnishments issued under 20 U.S.C. are entitled to 15% of disposable pay to run concurrently with any other garnishment so long as total garnishments do not exceed 25 percent of the employee's disposable pay. For example, if one garnishment is being taken for 10 percent, a second garnishment of 10 percent may be deducted at the same time. A third garnishment is eligible to receive the additional 5 percent, totaling 25 percent of disposable pay.

### Frequency and Method of Remittance
Although deductions must be made at each pay period, whether weekly, bi-weekly, semi-monthly, etc., remittance to ECMC need not be made more frequently than once each month. The employer is not required to change its normal pay and disbursement cycles to comply with the Order of Withholding. All payments must identify the debtor by name and give the debtor's SSN. Remit to:

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
LOCKBOX 8822
P.O. BOX 75848
ST PAUL, MN 55175-0848

### Two or More Debtors Subject to Wage Withholding
Separate checks may be sent for each debtor's payment, or payments for two (2) or more debtors may be made in a single check. The debtor's names, the Social Security Numbers, and payment amounts must be shown on the check or other accompanying documentation.

### Terms of Order of Withholding
The employer is required to withhold the appropriate amount from the debtor's wages for each pay period from the issuance date of the Order of Withholding until the employer receives a "Release of the Order of Withholding" form or other notification from ECMC to discontinue wage withholding for a particular debtor. PCNA will notify the employer of the final withholding payment for a particular debtor, and once a debtor's loan(s) are paid in full, the Order of Withholding will be released.

Employer Acknowledgement of Wage Withholding Obligation must be returned to PCNA within ten (10) business days. If debtor is no longer employed by the employer when the order is issued, return the Order of Withholding and the completed "Acknowledgement of Wage Withholding" within ten (10) business days of this receipt to preclude any liability for failure to comply with the Order. The employer should also include the debtor's last known address and the name and address of the debtor's new employer, if known.

### Notice of Change of Employment
Also enclosed with the Order of Withholding is a "Notice of Change in Employment." The employer should retain this form in its records. If a debtor subject to wage withholding terminates employment with the employer, the employer must fill out this form and return it to PCNA within ten (10) business days of the termination date. Such notice will stop any further liability for deductions and payments and will provide grounds for the Release of the Withholding Order. The employer must provide the debtor's last known address and the name and address of the debtor's new employer, if known.

### Liability of Employers Who Fail to Comply with Order of Withholding
Under Federal Law, if the employer fails to withhold wages following receipt of the Order of Withholding, ECMC is authorized to sue the employer in a state or federal court to recover any amount that the employer fails to withhold, plus attorney's fees, costs, and in the court's discretion, punitive damages.

**Important information can be found on the back of this page.**



**LIST OF APPROVED GUARANTY AGENCIES**

The following organizations have agreements with the U.S. Department of Education to participate in the Federal Family Education Loan (FFEL) Program as guaranty agencies under Section 428 (b) of the Higher Education Act of 1965, as amended (HEA). The guaranty agencies on this list are authorized by section 488A of the HEA, to issue administrative wage garnishment withholding orders at a rate of 15% to employers, to recover FFEL debts owed by individuals who have defaulted on their student loan repayment obligations. This authority does not apply to Federal agencies or their employees.

AMERICAN STUDENT ASSISTANCE (MASSACHUSETTS)
STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS
CALIFORNIA STUDENT AID COMMISSION (EDFUND)
COLORADO STUDENT LOAN PROGRAM (COLLEGE ASSIST)
CONNECTICUT STUDENT LOAN FOUNDATION
EDUCATION ASSISTANCE PROGRAM (SOUTH DAKOTA)
EDUCATIONAL CREDIT MANAGEMENT CORPORATION (ECMC)
FLORIDA DEPARTMENT OF EDUCATION/OFFICE OF STUDENT FINANCIAL ASSISTANCE
GEORGIA HIGHER EDUCATION ASSISTANCE FOUNDATION
GREAT LAKES HIGHER EDUCATION CORPORATION (WI)
ILLINOIS STUDENT ASSISTANCE COMMISSION
IOWA COLLEGE STUDENT FINANCIAL ASSISTANCE
KENTUCKY HIGHER EDUCATION ASSISTANCE AUTHORITY
LOUISIANA OFFICE OF STUDENT FINANCIAL ASSISTANCE
FINANCE AUTHORITY OF MAINE
MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
MISSOURI DEPARTMENT OF HIGHER EDUCATION
MONTANA GUARANTEED STUDENT LOAN PROGRAM
NATIONAL STUDENT LOAN PROGRAM (NEBRASKA)
NEW HAMPSHIRE HIGHER EDUCATION ASSISTANCE FOUNDATION
NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY
NEW MEXICO STUDENT LOAN GUARANTEE CORPORATION
NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
NORTH CAROLINA STATE EDUCATION ASSISTANCE AUTHORITY
STUDENT LOANS OF NORTH DAKOTA
OKLAHOMA GUARANTEED STUDENT LOAN PROGRAM
OREGON STUDENT ASSISTANCE COMMISSION
AMERICAN EDUCATION SERVICES/PHEEA
RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY
SOUTH CAROLINA STUDENT LOAN CORPORATION
TENNESSEE STUDENT ASSISTANCE CORPORATION
TEXAS GUARANTEED STUDENT LOAN CORPORATION
USA FUNDS
UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY
VERMONT STUDENT ASSISTANCE CORPORATION
NORTHWEST EDUCATION LOAN ASSOCIATION (NELA)



# U. S. DEPARTMENT OF EDUCATION
## OFFICE OF POSTSECONDARY EDUCATION/DCS



#BWNFDMC **AUTO
#50 .7724U25 S49263 9#
SHERRY COUNCIL
17 CATHERINE CIR
SAVANNAH GA  31406-4906

DATE: SEPTEMBER 24, 2000

SOCIAL SECURITY NO:      -7724

YOUR FINAL PAYMENT OF HAS BEEN APPLIED TO YOUR DEFAULTED STUDENT
LOAN ACCOUNT WITH THE UNITED STATES DEPARTMENT OF EDUCATION.

THIS LETTER SHALL SERVE AS WRITTEN VERIFICATION THAT THIS ACCOUNT
HAS BEEN PAID IN FULL AND NO FURTHER PAYMENTS ARE DUE.  THIS NOTICE
APPLIES ONLY TO THIS ACCOUNT.  THIS LETTER DOES NOT APPLY TO ANY OTHER
STUDENT LOAN OBLIGATIONS HELD BY OTHER AGENCIES, OTHER INSTITUTIONS
AND/OR A BANK.

IF YOU HAVE RECEIVED A NOTICE OF PROPOSED OFFSET FROM A GUARANTY
AGENCY ACTING ON BEHALF OF THE UNITED STATES DEPARTMENT OF EDUCATION,
THIS LETTER DOES NOT APPLY TO THAT NOTICE.

IF THE UNITED STATES DEPARTMENT OF EDUCATION HAS REPORT THIS
DEFAULTED STUDENT ACCOUNT TO CREDIT BUREAUS, THE CREDIT BUREAUS WILL
BE NOTIFIED THAT THE ACCOUNT IS PAID IN FULL.  THIS DOES NOT DELETE
THE CREDIT LINE REFERENCE BUT ONLY UPDATES IT TO SHOW A ZERO BALANCE,
PER SECTION 430A (F)(1) AND SECTION 463 (C)(1) OF THE HIGHER EDUCATION
ACT OF 1965, AS AMENDED.

THIS PAID IN FULL LETTER WILL BE NULL AND VOID IF ANY PART OF THIS
STUDENT LOAN ACCOUNT WAS REDUCED BY OFFSET OF YOUR IRS TAX REFUND AND
YOU OR YOUR SPOUSE PRESENTLY OR SUBSEQUENTLY FILE AN INJURED SPOUSE
CLAIM WHICH IS ACCEPTED IN WHOLE OR IN PART.

THE DEFAULTED STUDENT LOAN(S) HELD BY THE DEPARTMENT OF EDUCATION SHOULD
NO LONGER PREVENT YOU FROM RECEIVING ADDITIONAL TITLE IV FEDERAL STUDENT
FINANCIAL ASSISTANCE.

TOLL FREE: (800)621-3115

Sincerely,

Branch Chief, Chicago Service Ce

EXHIBIT

B



## U. S. DEPARTMENT OF EDUCATION
## STUDENT FINANCIAL ASSISTANCE

**D006388969**

006461  0725  003752
SHERRY COUNCIL
205 PARADISE DR
SAVANNAH GA  31406-5735

DATE: FEBRUARY 20, 2010

ıılı|lı||ılııılı|lıı|lılıılıı|ııllllılıılılılılıılıı||ıplllıı

SOCIAL SECURITY NO: XXX-XX-7724

THIS NOTICE SERVES AS WRITTEN VERIFICATION THAT YOU HAVE PAID IN FULL
THE DEFAULTED STUDENT LOAN(S) AND/OR GRANT OVERPAYMENT(S) OWED TO THE
U.S. DEPARTMENT OF EDUCATION (DEPARTMENT) AND THAT NO FURTHER PAYMENTS
ARE DUE.

THIS NOTICE PERTAINS ONLY TO THE DEFAULTED STUDENT AID DEBT HELD BY THE
DEPARTMENT (AND PAYABLE TO THE NATIONAL PAYMENT CENTER) AS OF THE DATE
OF THIS NOTICE. IT DOES NOT PERTAIN TO ANY OTHER OBLIGATIONS HELD BY
OTHER AGENCIES, SCHOOLS, OR INSTITUTIONS (INCLUDING BANKS AND LENDING
INSTITUTIONS), OR LOANS CURRENTLY HELD BY THE WILLIAM D. FORD FEDERAL
DIRECT LOAN PROGRAM. IF YOU HAVE RECEIVED A NOTICE OF PROPOSED OFFSET
FROM A GUARANTY AGENCY ACTING ON BEHALF OF THE DEPARTMENT, THIS LETTER
DOES NOT APPLY TO THAT NOTICE.

THIS NOTICE OF SATISFACTION WILL BE NULL AND VOID IF:

- A FEDERAL AND/OR STATE OFFSET OF FUNDS IS SUBSEQUENTLY REVERSED IN
  WHOLE OR IN PART AND THESE FUNDS WERE USED TO REDUCE THE AMOUNT THAT
  YOU OWED THE DEPARTMENT.

- OTHER DEBTS YOU OWE ARE SUBSEQUENTLY ASSIGNED TO THE DEPARTMENT FOR
  COLLECTION.

- ANY OF THE PAYMENTS YOU MADE TO THE DEPARTMENT ARE SUBSEQUENTLY
  INSUFFICIENT OR ARE OTHERWISE NOT HONORED.

IF THE DEPARTMENT HAS REPORTED YOUR DEFAULTED STUDENT AID DEBT TO
CREDIT BUREAUS, THE CREDIT BUREAUS WILL BE NOTIFIED THAT THE ACCOUNT
IS SATISFIED.  THIS DOES NOT DELETE THE CREDIT LINE BUT ONLY UPDATES IT
TO SHOW A ZERO BALANCE, PER SECTION 430A (F)(1) AND SECTION 463 (C)(1)
AS AMENDED.  THE DEFAULTED STUDENT AID DEBT HELD BY THE DEPARTMENT AND
PAYABLE TO THE NATIONAL PAYMENT CENTER SHOULD NO LONGER PREVENT YOU FROM
RECEIVING TITLE IV FEDERAL STUDENT FINANCIAL AID.  IF YOU HAVE ANY
QUESTIONS, YOU MAY REACH US AT (800)621-3115.

Sincerely,

*Dwight Vigna*

EXHIBIT
C

Department 716
PO BOX 4116
CONCORD CA 94524

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖



**ECMC**
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

866-808-7284

February 15, 2010

Address Service Requested

#BWNFTZF #PCN1185947810028#

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

SHERRY COUNCIL
C/O BENNETT
205 PARADISE DR
SAVANNAH GA 31406-5735

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
C\O Premiere Credit of North America, LLC
P.O. BOX 19309
INDIANAPOLIS, IN 46219-0309

| | |
|---|---|
| Debtor: | SHERRY COUNCIL |
| Creditor: | Educational Credit Management Corp. |
| BALANCE DUE: | $9560.03 |

We have attempted to collect your above cited debt, but you have not responded to our efforts.

If you do not give this matter immediate attention we will pursue every collection method allowed by state and federal laws

This is an attempt to collect a debt, and any information obtained will be used to collect this debt.

Any check that is returned for non-sufficient funds or uncollected funds may be collected electronically.

Per New York City regulations, Premiere Credit North America is required to provide the following information:

- Return phone number: 866-808-7284
- Original creditor: Educational Credit Management Corp.
- Representative to call: BRIAN MILLER
- Balance due: $9560.03

**866-808-7284 Toll Free**

PLEASE SEND PAYMENTS TO: LOCKBOX 8822 P.O. BOX 75848, ST PAUL, MN 55175-0848

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
✂ **\*\*\* PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN THE ENCLOSED ENVELOPE \*\*\*** ✂
If you wish to pay by VISA, Master Card, Discover, or American Express, complete the information below and return the coupon in the enclosed envelope. A fee of
$5.00 per $150.00 for Visa, Master Card and Discover and a fee of $7.00 per $150.00 for American Express transactions will be assessed. Please take this fee into
consideration when calculating your payment amount. Any fee incurred in the processing of a credit card payment will be included in the total payment amount
processed. If you have any questions, or would like to pay by other means please call our toll free number so that a member of our courteous staff can provide
additional details.

AMERICAN
EXPRESS  (CIRCLE ONE)

CREDIT CARD # _____  EXPIRATION DATE _____

AMOUNT OF PAYMENT $ _____  DATE _____

CARDHOLDER NAME _____

CARDHOLDER SIGNATURE _____

CARDHOLDER'S ZIPCODE _____

February 15, 2010        Account #: 928276

**EXHIBIT**
**D**

Please fill out if address has changed.

Address: _____

City, State, Zip code: _____

This communication is from a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose. Information regarding this debt may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligation. Our Office Hours are MON - TUE 8AM-11:00PM, WED - THUR 8AM-9PM, FRI 8AM-5PM, SAT 9AM-3PM EST

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Colorado Residents: This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us that you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this letter, we shall assume this debt is valid. If you notify us, in writing, within the 30 day period, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or judgment, if one exists, and will mail you a copy. Upon your written request, within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
MAILING ADDRESS: PO Box 19309, Indianapolis, IN 46219
OFFICE ADDRESS: 2002 N. Wellesley Blvd. Suite 100, Indianapolis, IN 46219
TOLL FREE: 866-808-7284      FAX: 317-972-6502

Maine: Our Office Hours are MON - TUE 8AM-11:00PM, WED - THUR 8AM-9PM, FRI 8AM-5PM, SAT 9AM-3PM EST. Our company street address is: 2002 N. Wellesley Blvd. Suite 100 Indianapolis, IN 46219

Massachusetts Residents: Office address: 49 Winter Street, Weymouth, MA 02188 Office Hours: Monday - Friday 9:00am to 5:00pm TOLL FREE 866-808-7284
PLEASE SEND PAYMENTS AND CORRESPONDENCE TO: P.O. BOX 19309, INDIANAPOLIS, IN 46219-0309

Minnesota Residents: This collection agency is licensed by the Minnesota Department of Commerce.

New York City Residents: NYC License # 1089534

North Carolina Residents: North Carolina Permit # 3560

Tennessee Residents: PLEASE SEND CORRESPONDENCE TO: PO Box 19309, Indianapolis, IN 46219

Wisconsin Residents: This collection agency is licensed by the Office of the Administrator of the Division of Banking, PO Box 7876, Madison, Wisconsin 53707

Nevada: If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as:

(1) As acknowledgement of the debt by you; and

(2) A Waiver by you of any applicable statue of limitations as set forth in NRS 11.190 that otherwise precludes the collection of the debt; and if you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

**Premiere Credit**

**March 8, 2010**

**Education Credit Management Corporation**
**1 Imation Place Bldg. 2**
**Oakdale, Mn. 55128**

**Re: Lockbox #8822 -Acct. #- xxx xx 7724**
**P.O. Box 75848**
**St. Paul, Mn. 551775-0848**

**Atten: Diana Abner:**

**Account Paid in full- Update www.nflds.ed.gov**

**Please be advised the following informaion is being submitted referencing**
**the defaulted student loan account above.**

**Sherry Council**
**205 Paradise Drive**
**Savannah, Ga. 31406**



EXHIBIT

E



# U. S. DEPARTMENT OF EDUCATION
## STUDENT FINANCIAL ASSISTANCE

**D006388969**

```
006461  0725  003752
SHERRY COUNCIL
205 PARADISE DR
SAVANNAH GA  31406-5735
```

**DATE: FEBRUARY 20, 2010**

ᵢₗₗᵢₗₗᵢₗᵢₗₗᵢₗₗᵢₗᵢₗₗᵢₗᵢₗₗᵢₗₗᵢₗᵢₗᵢₗₗᵢₗᵢₗₗᵢₗᵢₗₗᵢₗₗᵢₗᵢ

SOCIAL SECURITY NO: XXX-XX-7724

THIS NOTICE SERVES AS WRITTEN VERIFICATION THAT YOU HAVE PAID IN FULL
THE DEFAULTED STUDENT LOAN(S) AND/OR GRANT OVERPAYMENT(S) OWED TO THE
U.S. DEPARTMENT OF EDUCATION (DEPARTMENT) AND THAT NO FURTHER PAYMENTS
ARE DUE.

THIS NOTICE PERTAINS ONLY TO THE DEFAULTED STUDENT AID DEBT HELD BY THE
DEPARTMENT (AND PAYABLE TO THE NATIONAL PAYMENT CENTER) AS OF THE DATE
OF THIS NOTICE. IT DOES NOT PERTAIN TO ANY OTHER OBLIGATIONS HELD BY
OTHER AGENCIES, SCHOOLS, OR INSTITUTIONS (INCLUDING BANKS AND LENDING
INSTITUTIONS), OR LOANS CURRENTLY HELD BY THE WILLIAM D. FORD FEDERAL
DIRECT LOAN PROGRAM. IF YOU HAVE RECEIVED A NOTICE OF PROPOSED OFFSET
FROM A GUARANTY AGENCY ACTING ON BEHALF OF THE DEPARTMENT, THIS LETTER
DOES NOT APPLY TO THAT NOTICE.

THIS NOTICE OF SATISFACTION WILL BE NULL AND VOID IF:

- A FEDERAL AND/OR STATE OFFSET OF FUNDS IS SUBSEQUENTLY REVERSED IN
  WHOLE OR IN PART AND THESE FUNDS WERE USED TO REDUCE THE AMOUNT THAT
  YOU OWED THE DEPARTMENT.

- OTHER DEBTS YOU OWE ARE SUBSEQUENTLY ASSIGNED TO THE DEPARTMENT FOR
  COLLECTION.

- ANY OF THE PAYMENTS YOU MADE TO THE DEPARTMENT ARE SUBSEQUENTLY
  INSUFFICIENT OR ARE OTHERWISE NOT HONORED.

IF THE DEPARTMENT HAS REPORTED YOUR DEFAULTED STUDENT AID DEBT TO
CREDIT BUREAUS, THE CREDIT BUREAUS WILL BE NOTIFIED THAT THE ACCOUNT
IS SATISFIED.  THIS DOES NOT DELETE THE CREDIT LINE BUT ONLY UPDATES IT
TO SHOW A ZERO BALANCE, PER SECTION 430A (F)(1) AND SECTION 463 (C)(1)
AS AMENDED.  THE DEFAULTED STUDENT AID DEBT HELD BY THE DEPARTMENT AND
PAYABLE TO THE NATIONAL PAYMENT CENTER SHOULD NO LONGER PREVENT YOU FROM
RECEIVING TITLE IV FEDERAL STUDENT FINANCIAL AID.  IF YOU HAVE ANY
QUESTIONS, YOU MAY REACH US AT (800)621-3115.

Sincerely,

*Dwight Vigna*

1125     0000819     006388969

# DUFFY & FEEMSTER, L.L.C.

## ATTORNEYS AT LAW

Marshall Row Law Offices
236 East Oglethorpe Avenue
Savannah, Georgia 31401

ROBERT J. DUFFY (1922-2005)

DWIGHT T. FEEMSTER
MATTHEW W. BUSH
JOHN R. STROTHER, III
WILLIAM L. NORSE, JR.

STANLEY E. HARRIS, JR.
Senior Counsel

REPLY TO:
P.O. BOX 10144
SAVANNAH, GA 31412
TELEPHONE: 912-236-6311 Ext 309
FACSIMILE: 912-236-7641
E-Mail: sharris@duffyfeemster.com

March 25, 2011

CERTIFIED MAIL/RETURN RECEIPT
and Regular Mail

Premiere Credit of North America
Attn: Collection Manager
P.O. Box 19309
Indianapolis, IN 46219

Education Credit Management Corporation
Lockbox 8822
P.O. Gox 75848
St. Paul, MN 5175-0848

Re: **Sherry Council Bennett (SSN:     7724)**
**Our File No. 12037**

Dear Sirs:

Reference is made to the enclosed Order of Withholding from Earnings transmitted to our client's employer to withhold wages for an alleged garnishment. Our file reflects correspondences between your company and our client. The most critical is her letter to Education Credit Management Corporation of March 8, 2010, which enclosed the U.S. Department of Education notice the debt was paid (copies enclosed). Therefore, no justification existed to issue the Withholding Order dated March 1, 2011.

Consequently, you are exposed to substantial damages. First, notice immediately should be transmitted to her employer to terminate the garnishment and release all funds to her to Riley Johnson, H.R. Director, The Landings, Inc., 71 Green Island Rd., Savannah, GA 31411-1201, with a copy to the undersigned. Second, Ms. Bennett should be paid $10,000 in damages **within 15 days of the date of this letter** transmitted to the undersigned.

Failure to satisfy both conditions will result in suit being filed which will expose you to more substantial damages and costs. Feel free to confer with your attorney, Curtis Zaun, regarding our prior activities.

**EXHIBIT**

**F**

Premiere Credit of North America et al.
March 25, 2011
Page 2

Very truly yours,
DUFFY & FEBMSTER, LLC.

By: _____
Stanley E. Harris, IV., Senior Counsel
For the Firm

SEH/jr

Enclosures

cc: Sherry Bennett Council (w. enclosures)

SEH\12037\PREMIERE.1

**Premiere Credit**

March 8, 2010

Education Credit Management Corporation
1 Imation Place Bldg. 2
Oakdale, Mn. 55128

Re: Lockbox #8822 -Acct. #- xxx xx 7724
P.O. Box 75848
St. Paul, Mn. 551775-0848

Atten: Diana Abner:

Account Paid in full- Update www.nflds.ed.gov

Please be advised the following informaion is being submitted referencing
the defaulted student loan account above.


Sherry Council
205 Paradise Drive
Savannah, Ga. 31406



# U. S. DEPARTMENT OF EDUCATION
## STUDENT FINANCIAL ASSISTANCE

**D006388969**

D06461  0725  003752
SHERRY COUNCIL
205 PARADISE DR
SAVANNAH GA  31406-5735

DATE: FEBRUARY 20, 2010

ılıllllıllıllılllılllıllıllılllılllılllıllılllı

SOCIAL SECURITY NO: XXX-XX-7724

THIS NOTICE SERVES AS WRITTEN VERIFICATION THAT YOU HAVE PAID IN FULL
THE DEFAULTED STUDENT LOAN(S) AND/OR GRANT OVERPAYMENT(S) OWED TO THE
U.S. DEPARTMENT OF EDUCATION (DEPARTMENT) AND THAT NO FURTHER PAYMENTS
ARE DUE.

THIS NOTICE PERTAINS ONLY TO THE DEFAULTED STUDENT AID DEBT HELD BY THE
DEPARTMENT (AND PAYABLE TO THE NATIONAL PAYMENT CENTER) AS OF THE DATE
OF THIS NOTICE. IT DOES NOT PERTAIN TO ANY OTHER OBLIGATIONS HELD BY
OTHER AGENCIES, SCHOOLS, OR INSTITUTIONS (INCLUDING BANKS AND LENDING
INSTITUTIONS), OR LOANS CURRENTLY HELD BY THE WILLIAM D. FORD FEDERAL
DIRECT LOAN PROGRAM. IF YOU HAVE RECEIVED A NOTICE OF PROPOSED OFFSET
FROM A GUARANTY AGENCY ACTING ON BEHALF OF THE DEPARTMENT, THIS LETTER
DOES NOT APPLY TO THAT NOTICE.

THIS NOTICE OF SATISFACTION WILL BE NULL AND VOID IF:

- A FEDERAL AND/OR STATE OFFSET OF FUNDS IS SUBSEQUENTLY REVERSED IN
  WHOLE OR IN PART AND THESE FUNDS WERE USED TO REDUCE THE AMOUNT THAT
  YOU OWED THE DEPARTMENT.

- OTHER DEBTS YOU OWE ARE SUBSEQUENTLY ASSIGNED TO THE DEPARTMENT FOR
  COLLECTION.

- ANY OF THE PAYMENTS YOU MADE TO THE DEPARTMENT ARE SUBSEQUENTLY
  INSUFFICIENT OR ARE OTHERWISE NOT HONORED.

IF THE DEPARTMENT HAS REPORTED YOUR DEFAULTED STUDENT AID DEBT TO
CREDIT BUREAUS, THE CREDIT BUREAUS WILL BE NOTIFIED THAT THE ACCOUNT
IS SATISFIED. THIS DOES NOT DELETE THE CREDIT LINE BUT ONLY UPDATES IT
TO SHOW A ZERO BALANCE, PER SECTION 430A (F)(1) AND SECTION 463 (C)(1)
AS AMENDED. THE DEFAULTED STUDENT AID DEBT HELD BY THE DEPARTMENT AND
PAYABLE TO THE NATIONAL PAYMENT CENTER SHOULD NO LONGER PREVENT YOU FROM
RECEIVING TITLE IV FEDERAL STUDENT FINANCIAL AID. IF YOU HAVE ANY
QUESTIONS, YOU MAY REACH US AT (800)621-3115.

Sincerely,

*Dwight Vigna*



# U. S. DEPARTMENT OF EDUCATION
## OFFICE OF POSTSECONDARY EDUCATION/DCS

#BWNFDMC **AUTO
#50 .7724U25 S49263 9#
SHERRY COUNCIL
17 CATHERINE CIR
SAVANNAH GA  31406-4906

DATE: SEPTEMBER 24, 2000

SOCIAL SECURITY NO:       -7724

YOUR FINAL PAYMENT OF HAS BEEN APPLIED TO YOUR DEFAULTED STUDENT
LOAN ACCOUNT WITH THE UNITED STATES DEPARTMENT OF EDUCATION.

THIS LETTER SHALL SERVE AS WRITTEN VERIFICATION THAT THIS ACCOUNT
HAS BEEN PAID IN FULL AND NO FURTHER PAYMENTS ARE DUE.  THIS NOTICE
APPLIES ONLY TO THIS ACCOUNT.  THIS LETTER DOES NOT APPLY TO ANY OTHER
STUDENT LOAN OBLIGATIONS HELD BY OTHER AGENCIES, OTHER INSTITUTIONS
AND/OR A BANK.

IF YOU HAVE RECEIVED A NOTICE OF PROPOSED OFFSET FROM A GUARANTY
AGENCY ACTING ON BEHALF OF THE UNITED STATES DEPARTMENT OF EDUCATION,
THIS LETTER DOES NOT APPLY TO THAT NOTICE.

IF THE UNITED STATES DEPARTMENT OF EDUCATION HAS REPORT THIS
DEFAULTED STUDENT ACCOUNT TO CREDIT BUREAUS, THE CREDIT BUREAUS WILL
BE NOTIFIED THAT THE ACCOUNT IS PAID IN FULL.  THIS DOES NOT DELETE
THE CREDIT LINE REFERENCE BUT ONLY UPDATES IT TO SHOW A ZERO BALANCE,
PER SECTION 430A (F)(1) AND SECTION 463 (C)(1) OF THE HIGHER EDUCATION
ACT OF 1965, AS AMENDED.

THIS PAID IN FULL LETTER WILL BE NULL AND VOID IF ANY PART OF THIS
STUDENT LOAN ACCOUNT WAS REDUCED BY OFFSET OF YOUR IRS TAX REFUND AND
YOU OR YOUR SPOUSE PRESENTLY OR SUBSEQUENTLY FILE AN INJURED SPOUSE
CLAIM WHICH IS ACCEPTED IN WHOLE OR IN PART.

THE DEFAULTED STUDENT LOAN(S) HELD BY THE DEPARTMENT OF EDUCATION SHOULD
NO LONGER PREVENT YOU FROM RECEIVING ADDITIONAL TITLE IV FEDERAL STUDENT
FINANCIAL ASSISTANCE.

TOLL FREE: (800)621-3115

Sincerely,

Branch Chief, Chicago Service Center

U25     0000732

**US Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7010 0290 0003 0946 2322

PS Form 3811, February 2004 — Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Premiere Credit of North America
Attn: Collection Manager
P.O. Box 19309
Indianapolis, IN 46219

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name) — C. Date of Delivery 3/25/11
D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

Bennett 12037

102595-02-M-1540

---

**US Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7010 0290 0003 0946 2339

PS Form 3811, February 2004 — Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Education Credit Management Corp.
Lockbox 8822
P.O. Box 75848
St. Paul, MN 5175-0848

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name) M.Y. Edmonds — C. Date of Delivery 3/29/11
D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.
4. Restricted Delivery? (Extra Fee) ☐ Yes

12037 Bennett

102595-02-M-1540

---

**US Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7010 0290 0003 0946 2339

PS Form 3811, February 2004 — Domestic Return Receipt

Education Credit Man.Cor.
3/25/11
12037 Bennett

Premiere Credit 12037
Bennett 12037
3/25/11

## VERIFICATION

Personally appeared before the undersigned duly officer authorized to administer oaths,

SHERRY COUNCIL BENNETT, who, after being duly sworn, states that the facts represented

in the foregoing COMPLAINT or PETITION are true and correct to best of the undersigned's

knowledge.

_____
SHERRY COUNCIL BENNETT

Sworn to and subscribed before me
this 25th day of April, 2011:

_____
NOTARY PUBLIC
Chatham County, Georgia

SEFN\2037\LITIGATION\VERIFICATION

HOLLY MARIE AYALA
NOTARY
My Comm. Exp.
Jan. 25, 2013
PUBLIC
CHATHAM COUNTY, GA

# RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

**Pursuant to rules 3.2 and 3.4 of the Uniform Superior Court Rules, I hereby certify that:**

(CHECK ONE)

[ ] no case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

OR

[ X ] this petition-pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case CV11-0515-KA.

Diane Moss, Plaintiff, v. Premiere Credit, et al., Defendants



This _26th_ day of April, 2011.

_____ Attorney/Plaintiff

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

# Notice of Eastern Judicial Circuit Standing Orders

**YOU MUST SERVE THIS NOTICE UPON THE OPPOSING PARTY** together with the initial filing of suit, counterclaim, crossclaim or interpleader. The Superior Court has adopted the following STANDING ORDERS which may apply to you and which may affect your ability to obtain a hearing:

1. **MANDATORY MEDIATION ORDER**, effective January 3, 2011: This order requires parties to mediate their case prior to the pretrial conference or trial. Certain limited cases are exempt from the mediation requirement. Please secure a copy of the mediation order and determine if it applies to your case.

2. **ORDER ON PRODUCTION OF DOCUMENTS**, effective March 15, 2002 and reinstated January 3, 2011: This order applies to all domestic cases in which temporary or permanent financial relief is sought. The order requires the parties in such cases to exchange certain documents listed in the order within a specified time frame. A copy of the production of documents order must be served upon the defendant together with the complaint and summons.

3. **TRANSITIONAL PARENTING SEMINAR ORDER**, effective March 10.2010 and reinstated January 3, 2011: This order requires the parties in certain domestic cases involving the interest of children under 18 years of age to complete the "Transitional Parenting Seminar". Please secure a copy of the mediation order and determine if it applies to your case.

COPIES OF THE STANDING ORDERS ARE AVAILABLE AT THE OFFICE OF THE CLERK OF SUPERIOR COURT OR AT:
http://www.chathamcounty.org/department_freeform_T7_R132.html

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT,                )
                                        )
        Plaintiff,                      )
                                        )   Civil Action #_CV11-0707-KA_
v.                                      )   Complaint for Injunctive and
                                        )   Damages
                                        )
PREMIERE CREDIT OF NORTH AMERICA, LLC,  )
EDUCATIONAL CREDIT MANAGEMENT CORP.     )
and THE LANDINGS CLUB, INC.,            )
                                        )
        Defendants.                     )

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT THE LANDINGS COMPANY OF SAVANNAH, INC.

SHERRY COUNCIL BENNETT, hereinafter referred to as "Ms. Bennett", "Plaintiff", or

"Proponent", serves these Interrogatories pursuant to Section 33 of the Civil Practice Act of Georgia

(§9-11-33 Official Code of Georgia, Michie, 1982) to THE LANDINGS COMPANY, INC.,

hereinafter referred to as "Employer", "you", or "Respondent", to answer these Interrogatories within

45 days after service of this pleading with Plaintiff's Complaint as required by statute and to serve

those answers in care of that Proponent's attorneys, c/o Duffy & Feemster, LLC; P.O. Box 10144,

Savannah, Georgia 31412, to the attention of the undersigned counsel for that party.  These

Interrogatories are subject to the following stipulations, provisions and requirements:

NOTE A: The Interrogatories as below set forth are directed to Respondent and are intended
to and shall embrace and include, in addition to Respondent, all servants, employees, officers, private
investigators, attorneys and others who are in possession of or may have obtained information for
or on behalf of Respondent.

NOTE B: The Interrogatories as provided by statute shall be deemed to be continuing, see.
OCGA § 9-11-26(e).  Supplemental responses or answers shall be required if you, directly or
indirectly, obtain further information of the nature sought herein or pertaining to the matters inquired
of herein between the time the original answers to the same are served and the time of trial.  Any

1

such supplemental answers shall be served at such time as the supplemental information may become available and come to the attention of the party to whom the Interrogatories are directed.

NOTE C: If any Interrogatory inquires of the content of any document, a copy of the document may be attached in lieu of setting forth the complete content in the answer, and the answer should make reference to the attached document by describing the same or by exhibit reference.

NOTE D: The following explanation is to enable the Respondent to understand the terms "identify" or "identity" when used in these Interrogatories to avoid a discovery dispute as to the meaning of these terms or for providing incomplete information.

The terms "identify" or "identity" when used in these Interrogatories with respect to an individual, corporation, partnership, or other entity, means the person's or entity's full name, present or most recent employer (if present employer is unknown), present or most recent home address and business address (if present addresses are unknown), and all present or past business relationships with you, and as to an employee of yours, the title, position(s) and scope of responsibility of that person with you or any other party to this action as applicable to the subject of inquiry in the Interrogatory.

The terms "identify" or "identity" when used in connection with any oral communication means the date and time of such communication, the place or places where such communication occurred, the time of day of such communication, the identities of all persons taking part in such communication (such persons should be identified in accordance with the requirements of the preceding paragraph), a summary of the contents of such communication, and whether any written or other type of transcriptions or notes were produced as a result of such communication by either you or any witnesses of such communication(s).

The terms "identify" or "identity" when used in connection with any written or other type of communication means by whom it was directed and sent, the date of preparation, the name(s) of any person(s) signing the document (if any), the type of medium (memo, letter, contract, etc.), and the general contents of the document (or you may comply with Note "C").

The specific explanations of the information to be provided when using the words "identity" or "identify" are not to be deemed as sub-parts of an Interrogatory or separate subjects. This explanation is provided to avoid a discovery dispute as to the meaning of the terms and information deemed as responsive.

Note E: Also, the detailed content of an interrogatory or sub-parts are to assure that you provide all information requested about a subject instead of using such terms as "all", "every", or "any". This explanation is provided to avoid a discovery dispute as to the meaning of the terms and information deemed as responsive.

2

Note F: To the extent "the complete content" of a document is requested that may be treated as a request for production pursuant to O.C.G.A. §9-11-34 so the document may be attached to the responses to this pleading rather than include the text in the response. The interrogatory response should identify the document being attached.

## NOTICE IS GIVEN THAT YOU ARE TO COMPLETELY AND SPECIFICALLY RESPOND TO EACH ITEM OF THIS DISCOVERY SINCE IT WILL BE BINDING UPON YOU IN ALL PROCEEDINGS RELATED TO THIS LITIGATION.

1.      What is the complete content of every document which identifies any money withheld from Plaintiff's wages? [In lieu of stating the complete content of a document in response to this interrogatory you may refer to and attach the document in your response to this interrogatory.]

2.      What is the identity of any person known to you who has or may have knowledge of any facts and circumstances pertaining to any defense or denial asserted by you in this litigation and, as to each person, what is the substance of the information known to or in the possession of such person(s) by knowledge, document or other tangible evidence ?

3.      What is the identity of all other persons who possess facts, information or opinions whose testimony you may use at the trial of this case, the issues to which that testimony will relate, and the substance of the facts, information or opinions possessed by those persons?

4.      What is the identity of each person whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, what are the facts which will qualify that person pursuant to OCGA §24-9-67.1 (and its applicable sub-parts), state the subject matter on which the expert is expected to testify, the substance of the facts and opinions

5.      What was the date, location and complete content of each conversation or communication between you and the Plaintiff or any representative of any co-defendant pertaining

3

to withholding from Plaintiff's wages?

     6.    If you denied any request for admission(s) served upon you by the Plaintiff what is each circumstance, fact, document or other evidence you may posses which supports your denial of the specific request(s).

     7.    What is each law, act having the force and effect of law, code, regulation, legal principle, standard, and custom or usage upon which your defenses to the claims of the Plaintiff are based?

     8.    What is the identity of each person who provided information used in preparing your responses to these interrogatories?

     9.    If you are a corporation organized in the state of Georgia, what is the complete content of any document issued by the Corporation Commissioner of Georgia providing that verification? However, if you are not incorporated, what is the form of organization, who are the officers, owners and managers?

                        Duffy & Feemster, LLC

                        By: _____

                            Stanley E. Harris, Jr.
                            Senior Counsel
                            State Bar #331400
                            Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile: (912) 236-7641
E-Mail: sharris@duffyfeemster.com

4

SEH\12037\LITIGATION\INTERROGS TO LANDINGS

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT, )
)
    Plaintiff, )
) Civil Action # $CVII-0709A$
v. )
) Complaint for Injunctive and
) Damages
PREMIERE CREDIT OF NORTH AMERICA, LLC, )
EDUCATIONAL CREDIT MANAGEMENT CORP. )
and THE LANDINGS CLUB, INC., )
)
    Defendants. )

**PLAINTIFF'S FIRST INTERROGATORIES
TO PREMIERE CREDIT OF NORTH AMERICA, LLC AND
EDUCATIONAL CREDIT MANAGEMENT CORPORATION**

SHERRY COUNCIL BENNETT, hereinafter referred to as "Ms. Bennett", "Plaintiff", or

"Proponent", serves these Interrogatories pursuant to Section 33 of the Civil Practice Act of Georgia

(§9-11-33 Official Code of Georgia, Michie, 1982) requiring PREMIERE CREDIT OF NORTH

AMERICA, LLC, hereinafter referred to as "Premiere", and EDUCATIONAL CREDIT

MANAGEMENT CORPORATION hereinafter referred to as "EMC" with both referred to jointly

as "you", or "Respondent", to answer these Interrogatories within 45 days after service of this

pleading with Plaintiff's Complaint as required by statute and to serve those answers in care of that

Proponent's attorneys, c/o Duffy & Feemster, LLC; P.O. Box 10144, Savannah, Georgia 31412, to

the attention of the undersigned counsel for that party. These Interrogatories are subject to the

following stipulations, provisions and requirements:

    NOTE A: The Interrogatories as below set forth are directed to Respondent and are intended
to and shall embrace and include, in addition to Respondent, all servants, employees, officers, private
investigators, attorneys and others who are in possession of or may have obtained information for
or on behalf of Respondent.

NOTE B: The Interrogatories as provided by statute shall be deemed to be continuing, see. OCGA § 9-11-26(e). Supplemental responses or answers shall be required if you, directly or indirectly, obtain further information of the nature sought herein or pertaining to the matters inquired of herein between the time the original answers to the same are served and the time of trial. Any such supplemental answers shall be served at such time as the supplemental information may become available and come to the attention of the party to whom the Interrogatories are directed.

NOTE C: If any Interrogatory inquires of the content of any document, a copy of the document may be attached in lieu of setting forth the complete content in the answer, and the answer should make reference to the attached document by describing the same or by exhibit reference.

NOTE D: The following explanation is to enable the Respondent to understand the terms "identify" or "identity" when used in these Interrogatories to avoid a discovery dispute as to the meaning of these terms or for providing incomplete information.

The terms "identify" or "identity" when used in these Interrogatories with respect to an individual, corporation, partnership, or other entity, means the person's or entity's full name, present or most recent employer (if present employer is unknown), present or most recent home address and business address (if present addresses are unknown), and all present or past business relationships with you, and as to an employee of yours, the title, position(s) and scope of responsibility of that person with you or any other party to this action as applicable to the subject of inquiry in the Interrogatory.

The terms "identify" or "identity" when used in connection with any oral communication means the date and time of such communication, the place or places where such communication occurred, the time of day of such communication, the identities of all persons taking part in such communication (such persons should be identified in accordance with the requirements of the preceding paragraph), a summary of the contents of such communication, and whether any written or other type of transcriptions or notes were produced as a result of such communication by either you or any witnesses of such communication(s).

The terms "identify" or "identity" when used in connection with any written or other type of communication means by whom it was directed and sent, the date of preparation, the name(s) of any person(s) signing the document (if any), the type of medium (memo, letter, contract, etc.), and the general contents of the document (or you may comply with Note "C").

The specific explanations of the information to be provided when using the words "identity" or "identify" are not to be deemed as sub-parts of an Interrogatory or separate subjects. This explanation is provided to avoid a discovery dispute as to the meaning of the terms and information deemed as responsive.

Note E: Also, the detailed content of an interrogatory or sub-parts are to assure that you provide all information requested about a subject instead of using such terms as "all", "every", or

2

"any". This explanation is provided to avoid a discovery dispute as to the meaning of the terms and information deemed as responsive.

Note F: To the extent "the complete content" of a document is requested that may be treated as a request for production pursuant to O.C.G.A. §9-11-34 so the document may be attached to the responses to this pleading rather than include the text in the response. The interrogatory response should identify the document being attached.

## NOTICE IS GIVEN THAT YOU ARE TO COMPLETELY AND SPECIFICALLY RESPOND TO EACH ITEM OF THIS DISCOVERY SINCE IT WILL BE BINDING UPON YOU IN ALL PROCEEDINGS RELATED TO THIS LITIGATION.

1.      What is the complete content of every document upon which you rely to contend that you are not liable to the Plaintiff? [In lieu of stating the complete content of a document in response to this interrogatory you may refer to and attach the document in your response to this interrogatory.]

2.      What is the identity of any person known to you who has or may have knowledge of any facts and circumstances pertaining to any defense or denial asserted by you in this litigation and, as to each person, what is the substance of the information known to or in the possession of such person(s) by knowledge, document or other tangible evidence ?

3.      What is the identity of all other persons who possess facts, information or opinions whose testimony you may use at the trial of this case, the issues to which that testimony will relate, and the substance of the facts, information or opinions possessed by those persons?

4.      What is the identity of each person whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, what are the facts which will qualify that person pursuant to OCGA §24-9-67.1 (and its applicable sub-parts), state the subject matter on which the expert is expected to testify, the substance of the facts and opinions?

5.      What was the date, location and complete content of each conversation or

3

communication between you and the proponent(s) or any representative of that party pertaining to any claims asserted by you against the Proponent?

6.    What is every fact and other evidence that may support a contention a notice of garnishment was mailed to the Plaintiff?

7.    What is each fact or other evidence that any notice was mailed to the Plaintiff?

8.    What is each fact or other evidence that any notice was mailed to the Plaintiff received by the Plaintiff?

9.    What was the date of the first communication with the Plaintiff by or for you; the identity of the person who made the contact; the means of the contact, e.g. mail, phone, internet or other; and the complete content of the communication?

10.    What is the identity of each person who determined the Plaintiff had not satisfied her loan which you were attempting to collect and, as to each person, what was each activity to make that determination and each date on which each activity occurred?

11.    Did you ever obtain a copy of exhibits "B", "C", and/or "D" and, if so, on what date(s)?

12.    If you received exhibits "B", "C", and/r "D" why did not fail to terminate all further collection activities?

13.    What is the date and amount of each sum of money you have received from the Plaintiff's employer?

14.    Regarding Exhibit "A" to the Plaintiff's Complaint,

(a)    What was its purpose;

(b)    Who composed the document or prepared its content; and

(c)    What is the identity of the person who can verify it was mailed, and

4

(d) Why was a copy not mailed to the Plaintiff?

14. What is the complete content of the designation by the Georgia Student Finance Commission which authorized you to collect a debt from the Plaintiff?

15. What is the complete content of all documents or other sources of the amount which the Plaintiff allegedly borrowed, payments made, charges to that account and other content on which you determine the amount of the Plaintiff's alleged liability? [In lieu of stating the complete content of a document in response to this interrogatory you may refer to and attach the document in your response to this interrogatory.]

16. What is the complete description of the contractual relationships between Premiere and ECM?

17. To the extent not requested in a previous interrogatory what is each communication and transmittal to and from Premiere and ECM to each other?

18. What is the identity of each person in the state of Georgia whose salary you have garnished for an alleged student loan delinquency since January 1, 2009? If any of those persons have filed suit against you, what is the content of the caption of the case including the court in which it was filed and the result of the litigation?

19. If you denied any request for admission(s) served upon you by the Plaintiff what is each circumstance, fact, document or other evidence you may posses which supports your denial of the specific request(s).

20. What is each law, act having the force and effect of law, code, regulation, legal principle, standard, and custom or usage upon which your defenses to the claims of the Plaintiff are based?

5

21.    What is the identity of each person who provided information used in preparing your

responses to these interrogatories?

Duffy & Feemster, LLC

By: _____

Stanley E. Harris, Jr.
Senior Counsel
State Bar #331400
Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile: (912) 236-7641
E-Mail: sharris@duffyfeemster.com

SEH\12037\LITIGATION\INTERROGS TO PREMEIRE-EMC

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　Civil Action # *CVII - 070957*
　　　　　　　　　　　　　　　　　　　　　　)　　Complaint for Injunctive and
　　　　　　　　　　　　　　　　　　　　　　)　　Damages
PREMIERE CREDIT OF NORTH AMERICA, LLC,　　)
EDUCATIONAL CREDIT MANAGEMENT CORP.　　)
and THE LANDINGS CLUB, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT THE LANDINGS COMPANY OF SAVANNAH, INC.**

　　　　SHERRY COUNCIL BENNETT as above captioned, referred to as "Ms. Bennett" or

"Plaintiff" or "Proponent" and hereby requests, pursuant to Section 34 of the Civil Practice Act

of Georgia (OCGA §9-11-34) that THE LANDINGS COMPANY, INC., referred to as

"Employer" or "you" or "Respondent" produce the documents and things hereinafter described

and permit Proponent or Proponent's attorneys, to inspect, copy, reproduce and transcribe such

of them as may be desired. Proponent requests that the items be made available for this

inspection within 45 days after service of this pleading with Plaintiff's Complaint from the date

of the certificate of service attached to this pleading at Proponent's attorney's office at Duffy &

Feemster, LLC, 236 E. Oglethorpe Ave., Savannah, Georgia 31401. As an alternative to

presenting the documents at the above address, if you do not consider that reasonable, please

provide a copy of the same by mail. However, if for any reason you consider either option to be

unreasonable or burdensome, please immediately telephone the undersigned to identify any

difficulty and determine whether agreement can be reached on this subject.

1

Note A:  Proponent further requests that Proponent's attorneys be permitted to remove from the above named Respondent custody those items as they desire to inspect, copy, reproduce or transcribe on the understanding that Proponent's counsel will be responsible for those items so long as they are in Proponent's attorneys' possession, that copying, reproduction or transcription will be done at Proponent's expense, and that the documents will be promptly returned immediately after copying, reproduction or transcription has been completed.

Note B: This request is intended to encompass all documents and things in possession of the party or parties to this action to whom this request is directed, or within its custody or control, in whatever office such items may be located..

Note C: As used in this request, the term "document" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand:  Papers, writings, agreements; communications, reports, correspondence, telegrams, and memoranda; photographs, diagrams and charts, summaries or records of telephone conversations, meetings, conferences and interviews where participants were present in person; diaries, graphs, reports, notebooks, notes, charts, summaries or reports of investigations or negotiations, and opinions or reports of consultants; brochures, pamphlets, advertisements, circulars, and press releases; drafts of documents, and plans, drawings, sketches; any marginal comments appearing on any documents, and all other writings.  Also, as used in this request the term "things" means without limitation, the following items:  Tape recordings, motion pictures, video tapes or other recordings; information stored in any computer, word processor, or data retrieval device, equipment, disc, whether printed onto paper or displayed for the preparation of a document or visual review.

Note D: To the extent that a document is claimed to be subject to any attorney/client or other privilege, you are requested to identify the document by date, description or other statement as applicable and specify the basis, factual and/or legal, upon which the privilege is claimed. Such a response also should state whether or not the document was distributed, transmitted, viewed, or discussed with any person other than the attorney and the client and, if so, the date and nature of that activity.  To the extent that any document contains what is claimed to be privileged material but, also, contains non-privileged material, please provide a copy of the document with the "privileged" items "blacked out" or otherwise excised.

Note E: If any document identified below is not now in existence or in your possession, please respond by identifying the reason for non-existence or the person in whose possession the document is located.

## NOTICE IS GIVEN THAT YOU ARE TO COMPLETELY AND SPECIFICALLY RESPOND TO EACH ITEM OF THIS DISCOVERY SINCE IT WILL BE BINDING UPON YOU IN ALL PROCEEDINGS RELATED TO THIS LITIGATION.

The items and things covered by this request are as follows:

1.    All documents pertaining to the garnishment of the Plaintiff's salary.

2.    All communications from the other defendants to you and from the you to them.

3.    All documents evidencing deductions from the Plaintiff's wages and remittances

to the other defendants by you.

To the extent not provided pursuant to a preceding request,

Duffy & Feemster, LLC.

By:    _____
Stanley E. Harris, Jr.
Senior Counsel
State Bar #331400
Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile:  (912) 236-7641

SEH\2037\LITIGATION\RFD TO LANDINGS

3

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT,                    )
                                           )
        Plaintiff,                         )
v.                                         )   Civil Action # CV11-0209KA
                                           )   Complaint for Injunctive and
                                           )   Damages
PREMIERE CREDIT OF NORTH AMERICA, LLC,     )
EDUCATIONAL CREDIT MANAGEMENT CORP.        )
and THE LANDINGS CLUB, INC.,               )
                                           )
        Defendants.                        )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT PREMIERE CREDIT OF NORTH AMERICA, LLC AND
EDUCATIONAL CREDIT MANAGEMENT CORPORATION**

SHERRY COUNCIL BENNETT as above captioned, referred to as "Ms. Bennett" or

"Plaintiff" or "Proponent" and hereby requests, pursuant to Section 34 of the Civil Practice Act

of Georgia (OCGA §9-11-34) that PREMIERE CREDIT OF NORTH AMERICA, LLC, referred

to as "Premiere", and EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

hereinafter referred to as "EMC" with both referred to jointly as "you", or "Respondent", to

produce the documents and things hereinafter described and permit Proponent or Proponent's

attorneys, to inspect, copy, reproduce and transcribe such of them as may be desired. Proponent

requests that the items be made available for this inspection within 45 days after service of this

pleading with Plaintiff's Complaint from the date of the certificate of service attached to this

pleading at Proponent's attorney's office at Duffy & Feemster, LLC, 236 E. Oglethorpe Ave.,

Savannah, Georgia 31401. As an alternative to presenting the documents at the above address, if

1

you do not consider that reasonable, please provide a copy of the same by mail. However, if for any reason you consider either option to be unreasonable or burdensome, please immediately telephone the undersigned to identify any difficulty and determine whether agreement can be reached on this subject.

Note A: Proponent further requests that Proponent's attorneys be permitted to remove from the above named Respondent custody those items as they desire to inspect, copy, reproduce or transcribe on the understanding that Proponent's counsel will be responsible for those items so long as they are in Proponent's attorneys' possession, that copying, reproduction or transcription will be done at Proponent's expense, and that the documents will be promptly returned immediately after copying, reproduction or transcription has been completed.

Note B: This request is intended to encompass all documents and things in possession of the party or parties to this action to whom this request is directed, or within its custody or control, in whatever office such items may be located..

Note C: As used in this request, the term "document" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: Papers, writings, agreements; communications, reports, correspondence, telegrams, and memoranda; photographs, diagrams and charts, summaries or records of telephone conversations, meetings, conferences and interviews where participants were present in person; diaries, graphs, reports, notebooks, notes, charts, summaries or reports of investigations or negotiations, and opinions or reports of consultants; brochures, pamphlets, advertisements, circulars, and press releases; drafts of documents, and plans, drawings, sketches; any marginal comments appearing on any documents, and all other writings. Also, as used in this request the term "things" means without limitation, the following items: Tape recordings, motion pictures, video tapes or other recordings; information stored in any computer, word processor, or data retrieval device, equipment, disc, whether printed onto paper or displayed for the preparation of a document or visual review.

Note D: To the extent that a document is claimed to be subject to any attorney/client or other privilege, you are requested to identify the document by date, description or other statement as applicable and specify the basis, factual and/or legal, upon which the privilege is claimed. Such a response also should state whether or not the document was distributed, transmitted, viewed, or discussed with any person other than the attorney and the client and, if so, the date and nature of that activity. To the extent that any document contains what is claimed to be privileged material but, also, contains non-privileged material, please provide a copy of the document with the "privileged" items "blacked out" or otherwise excised.

2

Note E: If any document identified below is not now in existence or in your possession, please respond by identifying the reason for non-existence or the person in whose possession the document is located.

## NOTICE IS GIVEN THAT YOU ARE TO COMPLETELY AND SPECIFICALLY RESPOND TO EACH ITEM OF THIS DISCOVERY SINCE IT WILL BE BINDING UPON YOU IN ALL PROCEEDINGS RELATED TO THIS LITIGATION.

The items and things covered by this request are as follows:

1. All documents pertaining to the debt which you contend the Plaintiff owes you. This request includes, but is not limited to, documents creating a legal obligation of the Plaintiff for the alleged loan; transferring the right or authorizing you to collect to you; any ledger or other document showing payments to or for the benefit of the Plaintiff and payments made by the Plaintiff to any person or entity; all notices and demands mailed to any person or entity with evidence they were received.

2. All communications from you to the Plaintiff and the Employer, i.e. sent by and received by those defendants.

3. All documents evidencing deductions from the Plaintiff's wages and remittances to Premiere by the Department.

4. To the extent not provided pursuant to a preceding requests provide all documents relied upon to respond to the Plaintiff's Complaint and interrogatories directed to you.

5. All documents pertaining to any contractual relationship between Premiere and ECM.

6. All documents similar to Exhibit "A" sent to any employer in Georgia during the last four years.*

3

7.    As to any of the individuals identified on those exhibits, provide all

communications received in response to the transmittal of those documents.*

8.    If any documents were addressed to the debtors and mailed before the documents

provided pursuant to request 6, provide those.*

*        These documents are relevant for the Plaintiff's punitive damage claim to establish the
         frequency Premiere engaged in the same practices as at issue in this litigation.

Duffy & Feemster, LLC.

By: _____

Stanley E. Harris, Jr.
Senior Counsel
State Bar #331400
Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile:  (912) 236-7641

SEH\12017\LITIGATION\RPD TO PREMIARE-EMC

4

TO THE SUPERIOR COURT
OF CHATHAM COUNTY, GEORGIA

SHERRY COUNCIL BENNETT,                    )
                                           )
    Plaintiff,                         )
                                           )    Civil Action # CV_//-07097KA
v.                                         )    Complaint for Injunctive and
                                           )    Damages
                                           )
PREMIERE CREDIT OF NORTH AMERICA, LLC,     )
EDUCATIONAL CREDIT MANAGEMENT CORP.        )
and THE LANDINGS CLUB, INC.,               )
                                           )
    Defendants.                        )

### REQUESTS FOR ADMISSIONS OF PLAINTIFF TO
### PREMIERE CREDIT OF NORTH AMERICA, LLC AND
### EDUCATIONAL CREDIT MANAGEMENT CORPORATION

SHERRY COUNCIL BENNETT, hereinafter referred to as "Ms. Bennett", "Plaintiff", or

"Proponent", serves these Requests for Admissions pursuant to Section 36 of the Civil Practice Act

of Georgia (§9-11-36 Official Code of Georgia, Michie, 1982) requiring PREMIERE CREDIT OF

NORTH AMERICA, LLC, hereinafter referred to as "Premiere", and EDUCATIONAL CREDIT

MANAGEMENT CORPORATION hereinafter referred to as "EMC" with both referred to jointly

as "you", or "Respondent", to answer these Requests for Admissions within 45 days after service of

this pleading with Plaintiff's Complaint, to admit the truth of the following facts and/or the

genuineness of the following specified documents, to-wit:

    NOTE A:    Responses to this pleading are to be served at Proponent's attorney's office

at Duffy & Feemster, LLC, 236 E. Oglethorpe Avenue, Savannah, Georgia 31401.

    NOTE B:    In response to any foregoing request wherein the Defendant does not admit

any facts as set forth, Defendant shall in its answer pursuant to Section 36 of the Civil Practice Act

1

of Georgia:

    (a)   Identify such facts not admitted.

    (b)   Specify any reason why Defendant cannot truthfully admit such facts.

    (c)   Specify the information available to the Defendant upon which such failure
to admit is premised.

    (d)   Specify any alternate fact which the Defendant contends is accurate and the
source thereof.

    NOTE C:   Please be advised that should any request for admission be denied of which
Plaintiff subsequently proves the truthfulness thereof, Plaintiff will apply for an award of expenses
including attorney's fees, necessary to prove the truthfulness of the denied statement pursuant to
O.C.G.A. §9-11-37(c).

## NOTICE IS GIVEN THAT YOU ARE TO COMPLETELY AND SPECIFICALLY RESPOND TO EACH ITEM OF THIS DISCOVERY SINCE IT WILL BE BINDING UPON YOU IN ALL PROCEEDINGS RELATED TO THIS LITIGATION.

    1.  The document attached to the Plaintiff's Complaint as Exhibit "A" is a true and correct
copy of the original initial page of that document prepared by you.

    2.  The document attached to the Plaintiff's Complaint as Exhibit "B" is a true and correct
copy of the original of that document received by you by facsimile and/or mail.

    3.  The document attached to the Plaintiff's Complaint as Exhibit "C" is a true and correct
copy of the original of that document received by you by facsimile and/or mail..

    4.  The document attached to the Plaintiff's Complaint as Exhibit "D" is a true and correct
copy of the original of that document received by you by facsimile and/or mail.

5. The document attached to the Plaintiff's Complaint as Exhibit "E" is a true and correct copy of the original of that document transmitted to Plaintiff's counsel.

6. The document attached to the Plaintiff's Complaint as Exhibit "F" is a true and correct copy of the original of that document transmitted to Plaintiff's counsel.

7. The document attached to this pleading as Exhibit "G" is a true and correct copy of the document.

8. No documents or other information was transmitted by you to Plaintiff or her counsel after mailing Exhibit "G" attached to this pleading.

9. You are not able to confirm Exhibit "A" was placed in the United States Mail on the date specified on the documents.

NOTE D:    In response to any foregoing request wherein the Defendants do not admit any facts as set forth, Defendants shall in their answer pursuant to Section 36 of the Civil Practice Act of Georgia:

      (a)    Identify such facts not admitted.

      (b)    Specify any reason why Defendants cannot truthfully admit such facts.

      (c)    Specify the information available to the Defendants upon which such failure to admit is premised.

      (d)    Specify any alternate fact which the Defendants contend is accurate and the source thereof.

NOTE E:    Please be advised that should any request for admission be denied of which Plaintiffs subsequently prove the truthfulness thereof, Plaintiffs will apply for an award of expenses including attorney's fees, necessary to prove the truthfulness of the denied statement pursuant to O.C.G.A. §9-11-37(c).

Duffy & Feemster, LLC

By: _____
    Stanley E. Harris, Jr.
    Senior Counsel
    State Bar #331400
    Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile: (912) 236-7641

SEH\12037\REQ ADM PREMIERE-ENC

4



EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

April 1, 2011

Duffy & Feemster, LLC
Attn: Stanley E. Harris
Marshall Row Law Offices
236 East Oglethorpe Ave
Savannah, GA 31401

RE:      Sherry Council
ACCT / Ln #: 0797177 / 01

Dear Mr. Harris:

Thank you for your recent correspondence dated March 25, 2011 received at Educational
Credit Management Corporation (ECMC) regarding the above referenced account.

Be advised, because ECMC's privacy policy and procedures prohibit the release of
information to persons other than the borrower without the borrower's prior written
authorization, we are sending the requested information directly to your client's attention.

If your client would like us to have direct contact with you in the future, please have your
client complete the enclosed Authorization and return it to the address/fax number listed
on the bottom of the form.

If you have any questions regarding this letter, please call me at 651-325-3257 or email
me at jlambert@ecmc.org.

Sincerely,

Julia Lambert
Senior Account Servicing Representative
Enclosure



EXHIBIT
G

# ECMC
## Borrower's Authorization to Disclose Information

I understand that information maintained in my student loan records may be protected from unauthorized disclosure under applicable Federal and/or state law. I hereby authorize Educational Credit Management Corporation (ECMC) to disclose information on my student loan account(s) with the following person(s) and/or organizational unit(s):

_____

NAME, PHONE, and RELATIONSHIP

I authorize disclosure of computer information and/or documents related to my student loan records, EXCEPT for the following:

_____

This authorization is valid until revoked in writing to ECMC. I release ECMC, its officers, employees or related personnel, both individually and collectively from all liability for claims arising out of this disclosure. I state, under penalty of perjury, that I am the individual whose records are covered by this authorization.

*Printed or Typed*:

FULL NAME:_____

LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER: XXX-XX-_____

DATE OF BIRTH: _____

STREET ADDRESS:_____

CITY, STATE & ZIP: _____

TELEPHONE NUMBER:_____

SIGNATURE OF BORROWER:_____

DATE OF THIS AUTHORIZATION:_____

*A faxed copy of this signed authorization is as valid as the original*

Please return to:
Educational Credit Management Corporation
P O Box 75906
St. Paul, MN  55175
Fax: 1-877-645-7479

TO THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT,                    )
                                           )
        Plaintiff,                         )     Civil Action # _CV11-0709KA_
v.                                         )     Complaint for Injunctive and
                                           )     Damages
                                           )
PREMIERE CREDIT OF NORTH AMERICA, LLC,     )
EDUCATIONAL CREDIT MANAGEMENT CORP.        )
and THE LANDINGS CLUB, INC.,               )
                                           )
        Defendants.                        )

## RULE 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Rule 5.2, I hereby certify that a copy of the following foregoing:

1.  Plaintiff's First Interrogatories to Defendant, The Landings Club, Inc.;
2.  Plaintiff's First Interrogatories to Defendants, Premiere Credit of North America, LLC and Educational Credit Management Corp.;
3.  Plaintiff's First Request for Production of Documents to Defendant, The Landings Club, Inc.;
4.  Plaintiff's First Request for Production of Documents to Defendants, Premiere Credit of North America, LLC and Educational Credit Management Corp; and,
5.  First Request for Admissions of Plaintiff to Defendants, Premiere Credit of North America, LLC and Educational Credit Management Corp.

have this day been included with a copy of the Summons and Complaint to be served accordingly with the Plaintiff's Complaint.

This _26th_ day of April, 2011.

                                   Duffy & Feemster, LLC.

                          By:_____
                                   Stanley E. Harris, Jr.
                                   Senior Counsel
                                   State Bar #331400
                                   Attorneys for Plaintiff

P.O. Box 10144
Savannah, Georgia 31412
Telephone: (912) 236-6311
Facsimile: (912) 236-7641
SEH\1203715.2 CERT IN COMPLAINT

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT
_____

PLAINTIFF

VS.

PREMIERE CREDIT OF NORTH
AMERICA, LLC., EDUCATIONAL CREDIT
MANAGEMENT CORP. and THE LANDINGS
CLUB, INC.
_____

DEFENDANTS

CIVIL ACTION NO. *CVII-0709KA*

Serve at: CT Corporation Systems/Shakinah
Edwards, Registered Agent
1201 Peachtree St. NE
Atlanta, GA 30361

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANT:

**PREMIERE CREDIT OF NORTH AMERICA, LLC.**

You are hereby summoned and required to file with the Clerk of said court and serve
upon the Plaintiffs' attorney whose name and address is:

Stanley E. Harris, Jr.
Duffy & Feemster, LLC.
236 East Oglethorpe Avenue
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after
service of summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.

This ___ day of _____, 2011.

Dan W. Massey, Clerk of Superior Court
CHATHAM COUNTY

By:_____
Deputy Clerk

133 Montgomery Street, Room 304
Savannah, Georgia 31401
(912) 652-7197

1

# IN CHATHAM COUNTY SUPERIOR COURT

_____TERM_____

_____

___SHERRY COUNCIL BENNETT___

_____

VS.

PREMIERE CREDIT OF NORTH_____

AMERICA, LLC., et al._____

_____

ORIGINAL

Filed in the Clerk's Office this _____

day of _____, 2011.

_____

Clerk, Dep. Clerk, S.C.'.C. GA

Stanley E. Harris, Jr._____
PLAINTIFF'S ATTORNEY
=======================================

2

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT

CIVIL ACTION NO. *CV11-0709KA*

PLAINTIFF

VS.

Serve at:
1 Imation Place
Oakdale, Minnesota 55128

PREMIERE CREDIT OF NORTH
AMERICA, LLC., EDUCATIONAL CREDIT
MANAGEMENT CORP. and THE LANDINGS
CLUB, INC.

DEFENDANTS

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

### EDUCATIONAL CREDIT MANAGEMENT CORP.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney whose name and address is:

Stanley E. Harris, Jr.
Duffy & Feemster, LLC.
236 East Oglethorpe Avenue
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This ___ day of _____, 2011.

Dan W. Massey, Clerk of Superior Court
CHATHAM COUNTY

By:_____
Deputy Clerk

133 Montgomery Street. Room 304
Savannah, Georgia 31401
(912) 652-7197

1

IN CHATHAM COUNTY SUPERIOR COURT

_____ MARCH _____ TERM 2011

_____

_____ SHERRY COUNCIL BENNETT _____

_____

VS.

PREMIERE CREDIT OF NORTH _____

AMERICA, LLC., et al. _____

_____

ORIGINAL

Filed in the Clerk's Office this _____

day of _____, 2011.

_____

Clerk, Dep. Clerk, S.C.*.C. GA

Stanley E. Harris, Jr. _____

PLAINTIFF'S ATTORNEY

=================================

2

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHERRY COUNCIL BENNETT

_____

PLAINTIFF

VS.

PREMIERE CREDIT OF NORTH
AMERICA, LLC., EDUCATIONAL CREDIT
MANAGEMENT CORP. and THE LANDINGS
CLUB, INC.

DEFENDANTS

CIVIL ACTION NO. CV11-0709 KA

Serve at:
71 Green Island Road
Savannah, GA 31411

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

### THE LANDINGS CLUB, INC.

You are hereby summoned and required to file with the Clerk of said court and serve
upon the Plaintiffs' attorney whose name and address is:

Stanley E. Harris, Jr.
Duffy & Feemster, LLC.
236 East Oglethorpe Avenue
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after
service of summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.

This ___ day of _____, 2011.

Dan W. Massey, Clerk of Superior Court
CHATHAM COUNTY

By:_____
    Deputy Clerk

133 Montgomery Street. Room 304
Savannah, Georgia 31401
(912) 652-7197

1

# IN CHATHAM COUNTY SUPERIOR COURT

_MARCH_ TERM _2011_

### SHERRY COUNCIL BENNETT

### VS.

### PREMIERE CREDIT OF NORTH

### AMERICA, LLC., et al.

## ORIGINAL

Filed in the Clerk's Office this _____

day of _____, 2011.

_____
Clerk, Dep. Clerk, S.C.*.C. GA

_Stanley E. Harris, Jr._
PLAINTIFF'S ATTORNEY

======================================

2

TO THE SUPERIOR COURT
OF CHATHAM COUNTY, GEORGIA

FILED IN OFFICE

2011 APR 27 PM 3:08

SHERRY COUNCIL BENNETT )
)
Plaintiff, )
)
v. )
)
PREMIERE CREDIT OF NORTH AMERICA, LLC, )
EDUCATIONAL CREDIT MANAGEMENT CORP. )
and THE LANDINGS CLUB, INC.. )
)
Defendants. )

DEP CLK SUPERIOR CT.
CHATHAM COUNTY GA.

Civil Action #CV11-0709KA
Complaint for Injunction and
Damages

## RULE NISI

To:   PREMIERE CREDIT OF NORTH AMERICA, LLC
      EDUCATIONAL CREDIT MANAGEMENT CORP. and
      THE LANDINGS COMPANY, INC.

By virtue of a Complaint (or Petition) having been filed in the above captioned Court on

April 26 2011, which seeks a temporary injunction against you in accordance with OCGA § 9-

11-65(a), you are to show cause why the relief sought by the above captioned Plaintiff should not

be granted before this Court at 1:30 o'clock p.m. on the 31st day of May, 2011, at the Chatham

County Courthouse in Savannah, Georgia, or such other time as this Court may schedule such

hearing.

Entered this 27 day of April, 2011.

_____
Clerk (or Deputy Clerk) for the
Superior Court, Chatham County, GA

SEH\12037\LITIGATION\RULENISI